### In re ADOPTION OF HALL.

[Cite as *In re Adoption of Hall* (1991), 72 Ohio App.3d 503.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1116.

Decided Feb. 14, 1991.

*John T. Gugle* and *John A. Sentz, Jr.,* for appellee.
*Stephen E. Maher,* for appellant.

PEGGY BRYANT, Judge.

Appellant, Daniel A. Shaut, appeals from a judgment of the Franklin County Common Pleas Court, Probate Division, refusing to consider appel-

lant's objections to the adoption proceedings concerning Infant Boy Hall. Appellant's single assignment of error states:

"The Probate Court erred in failing to consider a putative father's objection to adoption, filed before entry of the final Decree of Adoption, and filed pursuant to O.R.C. 3107.07(B), even though said objection was not filed within thirty days of placement of the minor as set forth in O.R.C. 3107.06(F)."

On September 26, 1989, Infant Boy Hall was born to Linda Hall, an unmarried woman. On October 2, 1989, Linda Hall filed an application for placement of the child through adoption. Following an entry approving placement, Infant Boy Hall was released from the hospital to the attorney for the adopting parents. On November 2, 1989, a hearing was held on the petition for adoption, and an interlocutory decree of adoption was entered.

In the interim, on October 20, 1989, appellant filed a complaint in the Domestic Relations Division of the Franklin County Common Pleas Court to determine the paternity of Linda Hall's baby. After the interlocutory decree was entered, Linda Hall called appellant and told him that the adoption had already occurred. As a result, on November 9, 1989, appellant filed in the probate court a notice of *lis pendens.*

On April 26, 1990, appellant filed a motion for stay of the adoption proceedings. Therein, appellant argued that, pursuant to R.C. 3107.07, he was entitled, as a putative father, to proper notice and an opportunity to be heard in the adoption proceedings; that he had no notice or opportunities to be heard and "Linda Hall failed to excercise [*sic*] due diligence in an attempt to locate and serve putative father."

On May 29, 1990, the probate court heard appellant's motion for stay of the adoption proceeding. The probate court concluded that, under R.C. 3107.-07(B), appellant's consent was not necessary in order to allow the court to proceed with the adoption of Infant Boy Hall. Accordingly, the trial court overruled appellant's motion for a stay and affirmed the final decree of adoption.

Appellant appeals therefrom, contending that the trial court erred in failing to consider appellant's objection to the adoption.

R.C. 3107.06 lists those persons whose consent is necessary to a petition to adopt. In the context of this case, the pertinent language is contained in R.C. 3107.06(F), which states:

"Subject to division (B) of section 3107.07 of the Revised Code, the putative father, if he:

"(1) Is alleged to be the father of the minor in proceedings brought under sections 3111.01 to 3111.19 of the Revised Code *at any time before the placement of the minor in the home of the petitioner;*

"(2) Has acknowledged the child in a writing sworn to before a notary public at any time before the placement of the minor in the home of the petitioner;

"(3) Has signed the birth certificate of the child as an informant as provided in section 3705.14 of the Revised Code;

"(4) *Has filed an objection to the adoption* with the agency having custody of the minor or the department of human services at any time before the placement of the minor in the home of the petitioner, or *with the probate court* or the department of human services *within thirty days of the filing of a petition to adopt the minor or its placement in the home of the petitioner, whichever occurs first."* (Emphasis added.)

While appellant admits that the objections he filed in the probate court were not filed within thirty days of placement of Infant Boy Hall as set forth under R.C. 3107.06(F), appellant nonetheless contends that disposition of his appeal is premised on the construction given to the provisions of R.C. 3107.07(B), which in listing those persons whose consent is not necessary states:

*"The putative father of a minor if the* putative father fails to file an objection with the court, the department of human services, or the agency having custody of the minor as provided in division (F)(4) of section 3107.06 of the Revised Code, or *files an objection with the court, department, or agency and the court finds, after proper service of notice and hearing, that he is not the father of the minor, or that he has willfully abandoned or failed to care for and support the minor, or abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or its placement in the home of the petitioner, whichever occurs first* [.]"* (Emphasis added.)

As appellant notes, R.C. 3107.07(B) first lists the putative father who fails to file an objection with the court as provided by R.C. 3107.06(F)(4). Acknowledging that he has failed to so file objections, appellant nonetheless relies on the underlined language of R.C. 3107.07(B); and he suggests that language be interpreted so that if a putative father files objections, regardless of whether they comply with R.C. 3107.06(F)(4), the court nonetheless must, after notice and hearing, proceed to determine the matters set forth in the latter portion of R.C. 3107.07(B).

We disagree. R.C. 3107.06(F)(4) requires that objections be filed within thirty days of the filing of the petition or of the placement of the child; and

R.C. 3107.07(B) clearly states that appellant's consent is not necessary to adoption if he fails to so file objections. To then interpret the remainder of section R.C. 3107.07(B) as appellant suggests would negate the first part, a method of statutory application to be avoided.

In short, although the language appellant relies on does not specify that the objections must be filed within thirty days as provided in R.C. 3107.06(F)(4), the entire section, read as a whole, requires that interpretation. Noting that appellant admittedly does not challenge the statute either on substantive or procedural constitutional grounds, and finding the statute to be clear in its provisions, we overrule appellant's single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

McCormac and Gerken, JJ., concur.

Thomas H. Gerken, J., of the Hocking County Court of Common Pleas, sitting by assignment.